T.C. Memo. 2011-39

UNITED STATES TAX COURT

JOHN ARTHUR RAEBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13089-09.                    Filed February 10, 2011.

John Arthur Raeber, pro se.

<u>Audra M. Dineen</u> and <u>Matthew A. Mendizabal</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2006 | $90,029 | $18,005.80 |
| 2007 | 90,536 | 18,107.20 |

The issues for decision are: (1) Whether petitioner is entitled to deductions for business expenses of $252,013 and $253,490 claimed on Schedules C, Profit or Loss From Business, for 2006 and 2007, respectively; and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a)[1] for 2006 and 2007.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time he filed his petition.

In 2006 and 2007 petitioner worked as a self-employed consultant to various architects throughout the world. He operated his consulting business as a sole proprietorship and reported his income and expenses from the business on a Schedule C. Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for 2006 and 2007, and attached Schedules C on which

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent's determinations with respect to the reduction of petitioner's personal exemption deductions and with respect to the increase in petitioner's self-employment taxes are automatic adjustments that will be resolved by our decision of the primary issue.

he reported gross income of $336,475 and $334,860, respectively, and business expenses of $252,013[3] and $253,490,[4] respectively.

Respondent audited petitioner's 2006 and 2007 returns and requested that petitioner substantiate all of his Schedule C business expenses. Petitioner refused to substantiate any of his claimed business expenses, arguing that the substantiation requirement violates his Fifth Amendment rights under the U.S. Constitution. Respondent then issued petitioner a notice of deficiency disallowing petitioner's deductions for business expenses claimed on his Schedules C.

At trial petitioner told the Court that he had no knowledge of any pending criminal investigation. Respondent's counsel informed the Court that she too was unaware of any pending criminal investigation of petitioner.

OPINION

I. Deficiency Determinations

A. Burden of Proof

As a general rule, taxpayers bear the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a);

---

[3] Petitioner reported the following business expenses on his Schedule C for 2006: (1) Meals and entertainment of $17,612; (2) business use of home of $16,940; (3) contract labor of $102,400; and (4) various other expenses of $115,061.

[4] Petitioner reported the following business expenses on his Schedule C for 2007: (1) Meals and entertainment of $17,790; (2) business use of home of $17,012; (3) contract labor of $73,700; and (4) various other expenses of $144,988.

Welch v. Helvering, 290 U.S. 111, 115 (1933).  To shift the burden of proof to the Commissioner with respect to a factual issue relevant to the liability for tax, taxpayers must, inter alia, maintain all records required by the Code and regulations and cooperate with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2).  Petitioner neither claims nor shows that he satisfies the requirements of section 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioner bears the burden of proof.

B. Schedule C Deductions

Deductions are a matter of legislative grace, and taxpayers have the burden of showing that they are entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Additionally, taxpayers bear the burden of substantiating the amount and purpose of the item claimed as a deduction.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner argues that reporting his expenses on his 2006 and 2007 Schedules C and signing his returns under penalty of perjury constitute sufficient substantiation.  We have long held

that signing a return under penalty of perjury is not sufficient to substantiate its accuracy.  <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979); <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837-839 (1974) (holding that a taxpayer does not satisfy his burden to substantiate claimed business expenses by merely signing his return under penalty of perjury and testifying to its accuracy, without producing additional evidence); <u>Whitaker v. Commissioner</u>, T.C. Memo. 2010-209.

Petitioner failed to introduce any other evidence to substantiate his claimed business expenses, asserting instead his Fifth Amendment privilege against self-incrimination.  The Court is not aware of any pending or likely criminal investigation of petitioner.  The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely.  <u>Wilkinson v. Commissioner</u>, <u>supra</u> at 638.  Petitioner's baseless Fifth Amendment claim cannot stand in the way of a determination of his civil tax liability.

At trial the Court warned petitioner that his Fifth Amendment claim would not excuse him from his burden to substantiate his claimed business expenses and offered petitioner an additional opportunity to introduce evidence to satisfy his burden.  However, petitioner continued to assert his Fifth Amendment privilege and offered no further evidence to substantiate his claimed business expenses.  Accordingly, we

sustain respondent's disallowance of petitioner's deductions for business expenses claimed on his Schedules C for 2006 and 2007.

II. Section 6662(a) Accuracy-Related Penalties

Pursuant to section 6662(a), taxpayers may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to: (1) A substantial understatement of income tax or (2) negligence or disregard of rules or regulations. See sec. 6662(b). The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Sec. 6662(d)(2)(A). Generally, an understatement is a "substantial understatement" when it exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return. Sec. 6662(d)(1)(A). In addition, section 6662(c) defines "negligence" as any failure to make a reasonable attempt to comply with the provisions of the Code, and "disregard" means any careless, reckless, or intentional disregard.

The Commissioner has the burden of production with respect to the section 6662(a) accuracy-related penalty. Sec. 7491(c). To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden of production, the taxpayer must

come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, supra at 447. Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. The taxpayer is responsible for putting forth evidence to show that he acted with reasonable cause and in good faith.

Petitioner's understatement exceeded the greater of $5,000 or 10 percent of the amounts of tax required to be shown on his 2006 and 2007 returns. Therefore, we find that respondent satisfied his burden of production. Petitioner offered no evidence that he acted with reasonable cause and in good faith. Accordingly, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty for 2006 and 2007.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.